**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| COMMISSION FOR LAWYER | § | |
| DISCIPLINE, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | No. 1:19-CV-754-RP |
| BRANDI STOKES, | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court are Defendant's Motion for Court-Appointed Counsel (Dkt. #2), Plaintiff's Opposed Motion to Remand (Dkt. #9), Defendant's Motion for Leave to File Under Seal (Dkt. #13), Defendant's Supplemental Pleading to Motion to Appoint Counsel (Dkt. #17), and Defendant's Second Supplemental Pleading to Motion to Appoint Counsel (Dkt. #19). Having reviewed all the pleadings, the entire case file, and relevant case law, the undersigned issues the following Report and Recommendation to the District Court.

**I.   BACKGROUND[1]**

This is the latest in a series of cases brought to this court by Brandi Stokes ("Stokes"). The

---

[1] The court notes that Stokes has filed an "Objection to Magistrate Judge" in which she expresses her objections to "the assignment of this case to a magistrate judge for any purpose." Dkt. #4. Stokes has also filed an "Objection to Hearing on Submission" in which she objects to "any disposition of any item of relief considered, requested, granted, or denied" and requests hearings. Dkt. #4. Under 28 U.S.C. § 636(b)(1)(A), district judges may designate magistrate judges to "hear and determine" nondispositive pretrial matters. Under 28 U.S.C. § 636(b)(1)(B), district judges may designate magistrate judges to "submit . . . proposed findings of fact and recommendations" concerning dispositive pretrial matters. *See also* W.D. Tex. Loc. R., App'x C, r. 1(c)–(d). Under 28 U.S.C. § 636(c)(1), parties may consent (or not consent) to a magistrate judge conducting all proceedings, including the entry of trial and final judgment. *See also* W.D. Tex. Loc. R., App'x C, r. 1(i). Accordingly, the court recognizes Stoke's non-consent to the undersigned presiding over a trial in this case (Dkt. #4), but that non-consent does not deprive the district judge of authority to refer pretrial matters to the undersigned. Furthermore, the court reserves the right to hold, or not hold, a hearing.

court has remanded each previous case for lack of subject matter jurisdiction or dismissed it as frivolous. *See e.g.*, *Stokes v. Corsbie et al.*, No. 1:17-cv-00115-RP (W.D. Tex. December 20, 2017) (Dkt. #34); *Stokes v. Corsbie et al.*, No. 1:17-cv-00116-RP (W.D. Tex. December 20, 2017) (Dkt. #23); *Stokes v. Sulak*, No. 1:17-cv-01044-RP (W.D. Tex. July 26, 2018); *Commission for Lawyer Discipline v. Stokes*, No. 1:18-cv-00323-RP (W.D. Tex. October 23, 2018) (Dkt. #13). Because the last case brought by Stokes involved many of the same issues presented here, the undersigned will follow the guidance of the District Court's previous adjudication. *See Commission for Lawyer Discipline v. Stokes*, No. 1:18-cv-00323-RP (W.D. Tex. October 23, 2018) (Dkt. #13).

On January 30, 2018, the Commission for Lawyer Discipline ("Commission") filed suit in state court against Stokes for alleged violations of the Texas Disciplinary Rules of Professional Conduct. Dkt. #1 at ¶ 6. Stokes first removed the case to federal court on April 19, 2018. *Commission for Lawyer Discipline v. Stokes*, No. 1:18-cv-00323-RP (W.D. Tex. October 23, 2018) (Dkt. #1). Upon review of the Commission's Motion to Remand, the District Court found subject matter jurisdiction was lacking and remanded the suit back to state court. *Commission for Lawyer Discipline v. Stokes*, No. 1:18-cv-00323-RP (W.D. Tex. October 23, 2018) (Dkt. #13). Stokes appealed this judgment to the Fifth Circuit and petitioned the Supreme Court of the United States for Writ of Certiorari; both were denied. Subsequently, on July 31, 2019, Stokes again removed the case to federal court. Dkt. #1. Before the court can address Stokes's various motions, the undersigned must first determine whether subject matter jurisdiction is present and, thus, removal proper.

## II.   APPLICABLE LAW

The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723

(5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *see also Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court."). A federal district court must remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

## III.  ANALYSIS

As the District Court previously found, this court lacks subject matter jurisdiction to hear this case.[2] It is a "long-established axiom that a plaintiff is master of his complaint." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Under the "well-pleaded complaint" rule, federal courts have original or removal jurisdiction "only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is not federal question jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id.* (citing *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 10–11 (1983)). Thus, "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Id.* (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Likewise, a federal counterclaim does not establish federal question jurisdiction. *Renegade Swift, LLC v. Wright*, 857 F.3d 692, 697 (5th Cir. 2017) (citing *Vaden v. Discover Bank*, 556 U.S. 49 (2009)).

As noted in the District Court's previous Order, "[t]he Commission's disciplinary petition is a state law action for alleged violations of several Texas Disciplinary Rules of Professional Conduct." *Compare* Dkt. #1-1 at 3 (Second Amend. Disciplinary Pet.), *with Commission for Lawyer Discipline v. Stokes*, No. 1:18-cv-00323-RP (W.D. Tex. October 23, 2018) (Dkt. #13 at

---

[2] Because the court does not have subject matter jurisdiction over this action, the court declines to consider whether Stokes's removal was timely.

2). These rules were promulgated by the Supreme Court of Texas pursuant to Article II, Section I of the Texas Constitution and section 81.011(c) of the Texas Government Code. They involve solely questions of Texas law, and the power to regulate the Texas State Bar rests with the Texas Supreme Court. *In re State Bar of Texas*, 113 S.W.3d 730, 732 (Tex. 2003). No new federal claims have been added since the case was last remanded; accordingly, "there is nothing on the face of the Commission's well-pleaded complaint that raises a federal question." *See Commission for Lawyer Discipline v. Stokes*, No. 1:18-cv-00323-RP (W.D. Tex. October 23, 2018) (Dkt. #13 at 2).

Stokes's arguments to the contrary are unpersuasive and entirely lacking in citation to legal authority. First, Stokes claims that federal question jurisdiction exists because this "is a civil action intertwined with criminal conduct, including violations of the Geneva Conventions sufficient to justify a war crimes investigation" and "Defendant . . . has perfected an appeal to the International Criminal Court." Dkt. #1 at ¶ 1. To the extent Stokes is arguing subject matter jurisdiction is present here because jurisdiction is present in factually related cases involving the Geneva Convention or the International Criminal Court, Stokes cannot base removal jurisdiction for this case on any other case filed, or that Stokes intends to file, in this or other courts. The well-pleaded complaint rule "pertains solely to what appears on the face of the complaint." *Dardeau v. W. Orange-Grove Consol. Indep. Sch. Dist.*, 43 F. Supp. 2d 722, 726 (E.D. Tex. 1999). Accordingly, "Stokes's pleadings in other matters do not impart federal questions on the Commission's disciplinary action." *Commission for Lawyer Discipline v. Stokes*, No. 1:18-cv-00323-RP (W.D. Tex. October 23, 2018) (Dkt. #13 at 3).

Second, to the extent Stokes is arguing the Geneva Convention itself confers subject matter jurisdiction upon this case, her argument also fails. Stokes claims this court has original

jurisdiction because "[a]s the judicial authority for a High Contracting Party to the Geneva Conventions, this Court has mandatory jurisdiction over all claims within its territory against a person protected by the Geneva Conventions." Dkt. #1 at ¶ 7. The basis of Stokes's Geneva Convention claims appears to be that the Commission's members "are potential suspects in the war crimes investigation at issue in the International Criminal Court" and they, and the state court, have abused Stokes "to such an extent as to run afoul of . . . the Geneva Convention." *Id.* at ¶¶ 6, 11. While the basis for Stokes's claims is unclear, at best, she appears to be claiming a federal *defense* to the disciplinary action the Commission is taking against her. Stokes likewise appears to be arguing a federal court must hear this suit because a state court does not have the authority or ability to preside over a case implicating the Geneva Convention. *See id.* at ¶ 10. However, defenses that raise federal questions do not confer subject matter jurisdiction. *Bernhard*, 523 F.3d at 551; *Commission for Lawyer Discipline v. Stokes*, No. 1:18-cv-00323-RP (W.D. Tex. October 23, 2018) (Dkt. #13 at 4). Furthermore, Stokes's Geneva Convention claims are entirely conclusory, not supported by Stokes's own pleadings, and not pleaded in the Commission's well-pleaded complaint. Stokes's Geneva Convention claims, therefore, are insufficient to establish removal jurisdiction.

## IV.   SANCTIONS WARNING

In arguing this case be remanded, the Commission contends that Stokes removed this suit to delay the state court's disciplinary proceedings as long as possible. *See* Dkt. #9 at 5. In support of its argument, the Commission presents an email where Stokes states:

> Judge Hawthorn is probably already disqualified for having refused to provide counsel, but I wasn't planning to file that unless I need to do so because he doesn't have jurisdiction regardless.
>
> My plan is to continue filing removals until we either find a judge willing to enforce the Geneva Conventions or establish mens rea on every judge that touches this case.

I would prefer the bar just drop it but I've got time either way.

Dkt. #9-2 at 1. The Commission further contends that Stokes "followed through on the threats articulated in her email by filing a motion to recuse or disqualify the judge and then removing the case to federal court for a second time." Dkt. #9 at 5. Stokes does not address these allegations.

This evidence coupled with the plethora of meritless suits brought by Stokes depicts a litigant who systematically abuses the time and resources of the court for improper purposes. The undersigned recommends that Stokes be ordered to disclose her full litigation history in any civil complaint, answer, and/or IFP affidavit she files. Furthermore, the undersigned recommends Stokes be warned that further frivolous filings or filings made for an improper purpose will likely lead to sanctions.

## V.   RECOMMENDATION

For the reasons given above, the undersigned **RECOMMENDS** that the Commission's Motion to Remand to State Court (Dkt. #9) be **GRANTED** and all other pending motions be rendered **MOOT** for this court's lack of subject matter jurisdiction.  The undersigned further recommends that this case be **REMANDED** to the 419th Judicial District Court of Travis County, Texas.

The undersigned **FURTHER RECOMMENDS** that Stokes be ordered to disclose her full litigation history in any civil complaint, answer, and/or IFP affidavit she files. The undersigned **ALSO RECOMMENDS** that Stokes be formally warned that additional frivolous filings or filings made for an improper purpose will likely lead to sanctions.

## VI.   OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED January 9, 2020.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE