UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BRANDI K STOKES, § <br> Defendant. § | CASE # 1:19-CV-754-RP |

## MOTION TO DISMISS

NOW COMES Defendant, Brandi K Stokes, and files this Motion to Dismiss on the ground that the State of Texas has lost standing to pursue disciplinary action against the Defendant.

Defendant currently has pending before the International Criminal Court a request for prosecution that includes a determination of status request. Defendant, at a minimum, is entitled to Prisoner of War status until such time as a hearing can be held and a determination can be made by a court of competent jurisdiction.

Pursuant to Geneva Convention III, art. 14, Prisoners of War shall retain the full civil capacity which they enjoyed at the time of their capture. At the time that the Defendant fell into the power of the enemy, the Defendant was already licensed to practice law. The State of Texas has lost standing to alter the status of the Defendant's license, at this juncture.

Further, Geneva Convention III, art. 82, provides that "[a] prisoner of war shall be subject to the laws, regulations and orders in force in the armed forces of the Detaining Power; the Detaining Power shall be justified in taking judicial or disciplinary measures in respect of any offence committed by a prisoner of war against such laws, regulations or orders. However, no proceedings or punishments contrary to the provisions of this Chapter shall be allowed." Article

82 clearly designates the "Detaining Power" as the authority for bringing judicial or disciplinary measures against a Prisoner of War. If the State of Texas has any qualms with any of the Defendant's alleged conduct, it must present it's concerns to the United States and the United States must bring the measure.[1] The State of Texas does not have standing to litigate against the Defendant, at this juncture. Moreover, Geneva Conventions III, art. 89, describes the maximum disciplinary punishments applicable to prisoners of war. The allowable disciplinary actions available to the State of Texas through any application for disciplinary action to the United States does not include suspension or revocation of the Defendant's law license.

Finally, Geneva Conventions III, art. 86, provides that "Prisoners of war may not be punished more than once for the same act, or on the same charge." In the case underlying the Plaintiff's claim, multiple motions for sanctions were filed against the Defendant and were denied in their entirety.

Defendant wherefore prays that Plaintiff's claims be dismissed with prejudice.

DATED: January 27, 2020.

_Brandi K Stokes_
Brandi K Stokes, Defendant
Texas State Bar No. 24044940
brandi.stokes@gmail.com | +1 512 206 0202
P.O. Box 301916 | AUSTIN, TX 78703

---

[1] While the detainment of the Defendant appears to be well-orchestrated by a coalition of various non-NATO member states, the United States is a Detaining Power for the purpose of Geneva Conventions application, because the United States allowed itself to be infiltrated by enemy forces and the initial war crime was committed by persons in the employment of the United States. Other High Contracting Parties suspected to be involved with the detainment of the Defendant include Egypt, Russia, Turkey, Pakistan, and China. The International Committee of the Red Cross is the default Protecting Party until a protecting authority can be designated. Any NATO member state not having a conflict of interest is qualified to be designated as a Protecting Party.

## CERTIFICATE OF SERVICE

I certify that on January 27, 2020, a true and correct copy of this Motion to Dismiss was served on counsel for the Plaintiff through CMRRR.

_____
Brandi K Stokes